IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**MARCUS WAYNE FIELDS,**
ADC #150118                                                                                              PLAINTIFF

v.                                       No. 2:12-cv-215 KGB/JTR

**DANNY BURL, Warden,**
East Arkansas Regional Unit, et al.                                                          DEFENDANTS

**OPINION AND ORDER**

Plaintiff Marcus Wayne Fields has recently filed a *pro se*[1] § 1983 complaint along with an application to proceed *in forma pauperis* (Dkt. Nos. 1 and 2).

I. **Discussion**

The Prison Litigation Reform Act contains a three strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* if he "has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

---

[1] Mr. Fields is notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Mr. Fields has previously filed at least four § 1983 actions that were dismissed for failing to state a claim upon which relief may be granted. *See Fields v. Sharum,* 2:11CV002091 PKH (W.D. Ark) (dismissed on 9-6-11, no appeal filed); *Fields v. Sharum,* 2:11CV02108 RTD (W.D. Ark) (dismissed on 11-2-11, appeal dismissed on 2-16-12); *Fields v. Webb,* 2:11CV002186 RTD (W.D. Ark) (dismissed on 12-5-1, no appeal filed); *Fields v. Nixon,* 2:12CV02030 PKH (W.D. Ark) (dismissed on 6-28-12, no appeal filed). Thus, Mr. Fields accumulated three strikes, as defined by § 1915(g), prior to filing this lawsuit on October 29, 2012.

Nevertheless, Mr. Fields may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Mr. Fields alleges that Defendants are violating his constitutional rights by opening his legal mail outside of his presence. That allegation does not place Mr. Fields in imminent danger of serious physical injury. Thus, he is barred from proceeding *in forma pauperis* pursuant to the 28 U.S.C. § 1915(g).

## II. Conclusion

Pursuant to 28 U.S.C. § 1915(g), Mr. Fields's application to proceed *in forma pauperis* (Dkt. No. 1) is DENIED, and this case is DISMISSED WITHOUT PREJUDICE. If Mr. Fields wishes to continue this case, he must, within thirty days of the entry of this Opinion and Order, pay the $350 filing fee in full and file a motion to reopen the case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

SO ORDERED this 8 day of November, 2012.

_____
Kristine G. Baker
United States District Judge